Roksana D. Moradi-Brovia (Bar No. 266572)
M. Jonathan Hayes (Bar No. 90388)
**RESNIK HAYES MORADI LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
**Telephone:** (818) 285-0100
**Facsimile:** (818) 855-7013
roksana@SRHLawFirm.com
jhayes@SRHLawFirm.com

*Attorneys for Debtor*
Mr. Tortilla, Inc.

**FILED & ENTERED**

APR 14 2020

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Cetulio    **DEPUTY CLERK**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

In re

MR. TORTILLA, INC.,

　　　　　　　Debtor.

Case No.: 1:18-bk-12051-VK

Chapter 11

**ORDER CONFIRMING DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

Date:　April 9, 2020
Time:　1:00 p.m.
Place:　Courtroom 301
　　　　21041 Burbank Blvd.
　　　　Woodland Hills, CA  91367

　　　The continued hearing on confirmation of the *Second Amended Chapter 11 Plan of Reorganization* (hereinafter the "Plan") [Docket No. 124] filed by Mr. Tortilla, Inc., Debtor and Debtor-in-Possession herein (hereinafter the "Debtor"), took place on April 9, 2020, before the Honorable Victoria S. Kaufman, United States Bankruptcy Judge. *Appearances are noted on the record.*

　　　　Upon consideration of Debtor's *Plan Confirmation Brief* (Docket No. 137) and the declarations and evidence submitted in connection therewith; the *Objection* to confirmation of the Plan (Docket No. 153) filed by unsecured creditor Diana's Mexican Food Products, Inc. and the related *Motion to Approve Settlement* (Docket No. 179)

**1**

resolving the Objection; the record in Debtor's Chapter 11 case; for the reasons stated by the Court on the record; and good cause appearing therefore, the Court finds:

1. That the requirements for confirmation set forth in 11 U.S.C. §1129(a) have been satisfied;

2. That the Plan complies with the applicable provisions of Chapter 11 of the Code;

3. That the Debtor, as proponent of the Plan, has complied with the applicable provisions of the Code;

4. That the Plan has been proposed in good faith and not by any means forbidden by law;

5. That any payment made or promised by Debtor for services or for costs and expenses in, or in connection with the case or in connection with the Plan and incident to the case, have been disclosed to the Court; and

6. Any such payment made before confirmation of the Plan is reasonable or if such payment is to be fixed after confirmation of the Plan, such payment is subject to the approval of the Court as reasonable;

7. That with respect to each class, each holder of a claim or interest of such class has accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were to liquidate under Chapter 7;

8. That with respect to each class, such class has accepted the Plan or such class is not impaired under the Plan;

9. That as to any class that has not accepted the Plan and is impaired, all the elements of §1129(b) have been met;

10. That, except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that with respect to claim of a kind

specified in §507(a)(1) of the Code, on the effective date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim or has agreed to treatment otherwise;

    11.    That at least one class of claims has accepted the Plan, determined without including any acceptance of the Plan by an insider holding a claim of such class; and

    12.    That confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor or any successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

IT IS ORDERED that:

    1.    The Plan filed by the Debtor is hereby **CONFIRMED** and **APPROVED** by this Court;

    2.    Debtor shall distribute all property to be distributed pursuant to the terms of the Plan. Debtor may employ or contract with other entities including attorneys to assist in or to perform the distribution of said property as provided for in the Plan;

    3.    Upon the substantial consummation of the Plan, the Debtor shall file an application for a final decree as required by Federal Rule of Bankruptcy Procedure 3022;

    4.    The Court will retain jurisdiction over this bankruptcy case until a final decree is entered by the Court;

    5.    Consistent with the provisions of the Plan, the effective date of the Plan shall be the first day that is 14-calendar days following the entry of this Order, with Plan payments starting on the first day of the following month, unless otherwise agreed to by the parties and approved by the Court;

6.    Costs owing by the Debtor to the Court Clerk, if any, shall be paid forthwith if not already paid.  Fees owing to the United States Trustee, if any, will be paid until the issuance of the final decree;

7.    A Post Confirmation Status Conference will take place on <u>October 8, 2020 at 1:00 p.m.</u>; and

8.    Not later than <u>September 24, 2020,</u> Reorganized Debtor must file a post confirmation status report explaining what progress has been made toward consummation of the confirmed Plan. The post confirmation status report shall be filed with the Court and served on the United States Trustee, all secured creditors, the 20-largest unsecured creditors, and those parties who have requested special notice.  The post confirmation status report must comply with the provisions of Local Bankruptcy Rule 3020-1(b), be supported by evidence, and contain at least the following information:

    a)    A schedule listing for each debt and each class of claims; the total amount required to be paid under the Plan; the amount required to be paid as of the date of the post confirmation status report; the amount actually paid as of the date of the post confirmation status report; and the deficiency, if any, in required payments;

    b)    A schedule of any and all postconfirmation tax liabilities that have accrued or come due, and a detailed explanation of payments thereon;

    c)    Reorganized Debtor's projections as to its continuing ability to comply with the terms of the Plan;

    d)    An estimate of the date for Plan consummation and application for final decree; and

///

///

///

///

///

///

e)    Any other pertinent information needed to explain the progress toward completion of the confirmed Plan.

###

Date: April 14, 2020

Victoria S. Kaufman
United States Bankruptcy Judge

**5**